Edgar Carranza, Esq. (5902)
Tiffanie Bittle, Esq., (15179)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 West Alta Drive, Suite 200
Las Vegas, NV 89145
Tel: (702) 385-2500
Fax: (702) 385-2086
ecarranza@hutchlegal.com
tbittle@hutchlegal.com

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIBEL AQUINO, individually,<br><br>Plaintiff<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION dba COSTCO, a Foreign corporation; DOE EMPLOYTEE(S) 1 through 40; ROE CORPORATIONS 1 through 40; inclusive; DOE EMPLOYEE(S) 1 through 40; ROE EMPLOYER(S) 1 through 40; ROE NEGLIGENT COMPANIY(IES) 1 through 40; DOE NEGLIGENT MAINTENANCE EMPLOYEE(S) 1 through 40; ROE NEGLIGENT MAINTENANCE COMPANY(IES) 1 through 40; DOE NEGLIENT INDIVIDUAL(S) 1 through 40; DOE LANDOWNER(S) 1 through 40; ROE LANDOWNER(S) 1 through 40; ROE LANDLORD(S) 1 through 40; ROE LESSOR(S) 1 through 40; ROE LESSESS(S) 1 through 40;<br><br>Defendants. | Case No.: **2:26-cv-1080-JAD−BNW** |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Plaintiff, MARIBEL AQUINO (hereinafter referred to as “Ms. Aquino” or “Plaintiff”),

by and through counsel, David Tanner, Esq. and Kevin King, Esq. of the Tanner Law Firm and Defendant, COSTCO WHOLESALE CORPORATION (hereinafter referred to as "Defendant" or "Costco"), by and through counsel, Edgar Carranza, Esq. and Tiffanie C. Bittle, Esq. of HUTCHISON & STEFFEN, PLLC, hereby stipulate as follows:

WHEREAS, Plaintiff seeks discovery of confidential, proprietary and trade secret documents and information from Costco regarding Costco's policies, practices and procedures ("Confidential Information");

WHEREAS, Costco requires protection against the unrestricted disclosure and use of such Confidential Information; and

WHEREAS, the parties agree that good cause exists for the entry of the foregoing Stipulated Confidentiality Agreement and Protective Order;

THEREFORE, the parties hereby stipulate and agree that:

**1.** **Scope of Confidential Agreement**. This Stipulated Confidentiality Agreement and Protective Order (hereinafter referred to as "Confidentiality Agreement") shall govern all Confidential Information revealed in the above-referenced lawsuit, whether the Confidential Information is contained in documents produced, NRCP 16.1 disclosures, FRCP 26 disclosures, responses to requests for production, answers to interrogatories, responses to requests for admissions, other written discovery productions (supplemental or otherwise), deposition testimony, motion practice, hearings, trial and/or any other oral or written responses to discovery conducted in this matter, whether it is revealed by Costco or any other party or third-party.

**2.** **Designation of Confidential Information**. A party shall designate and indicate that information is Confidential Information hereunder by producing a copy bearing a stamp or label signifying that it is "Confidential." In the case of testimony, oral argument or any other

oral information, it shall be sufficient for a party to state that the Confidential Information is confidential pursuant to this Agreement at the time such testimony or oral information is given or conveyed or any time thereafter if given in writing. Alternatively, a party may designate testimony as Confidential hereunder by marking the transcript containing Confidential Information with the word "Confidential" any time after the receipt of the final transcript of said testimony. In the event any party creates a computer database, disk, compact disk, drive, digital or other electronic record containing Confidential Information, the party creating such an electronic record shall mark the case or envelope containing the material with the word "Confidential." Documents printed from such electronic media shall be marked the same as documents originally produced on paper and shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Agreement.

**3.** **Burden**. The party who designates documents, information or material as "Confidential" shall do so only upon a good faith belief that the documents, information, or material contains material that is confidential as contemplated herein and bears the burden of proof to establish that the information or document is entitled to such protection should a dispute arise between the parties.

**4.** **Inadvertent disclosures**. The initial failure to designate information or documents as "Confidential" in accordance with this Confidentiality Agreement shall not preclude the producing party from, at a later date, designating any information or documents as "Confidential." The producing party may, by written notice to counsel of record for the receiving party, designate previously produced information or documents as "Confidential," which it had inadvertently failed to designate. Upon receipt of such notice, the receiving party shall promptly mark its copies of the information or documents so designated, and shall,

thereafter, treat the information and documents as if it has been designated "Confidential" from the outset and shall restrict the disclosure or use of the information or documents in accordance with this Confidentiality Agreement. If the information or documents have previously been disclosed to non-parties, the Parties shall take reasonable steps to obtain all such previously disclosed information or documents and advise the non-parties to treat the designated materials in a manner that is consistent with this Confidentiality Agreement and as though the information and documents were originally so designated.

**5.** **Persons to whom Confidential Information may be provided**. Confidential Information obtained by or produced to any party shall be held in confidence and revealed only to the named parties in the above-captioned matter, counsel of record, paralegals and secretarial employees under counsels' direct supervision, the parties themselves for purposes of deposition, the Court and court staff, court reporters, and such persons as are employed by the parties or their counsel to act as experts, investigators or consultants in this case. All Confidential Information must be maintained in counsels' office, with the exception of documents and/or information provided to individuals employed to act as experts in this case. The parties shall take all steps reasonably necessary to see that no person shall use, disclose, copy or record Confidential Information for any purpose other than the preparation or conduct of this case.

**6.** **Limitations to use**. All Confidential Information shall be used solely for the purpose of maintaining the present litigation, including any mediation, arbitration hearings, trials, appeals or retrials, and not for any other purpose(s) or any other litigation. Under no circumstances shall Confidential Information be disclosed to anyone other than the parties designated above, and the parties shall not disclose such Confidential Information to any undesignated person during or after the termination of this litigation. Moreover, no Confidential Information shall be disclosed to a competitor (direct or indirect) of Costco,

whether for the purposes of this litigation or otherwise.

**7.** **Agreement to adhere to terms**. Before any Confidential Information is disseminated or disclosed to any of the above-designated persons, such person shall (a) read this Confidentiality Agreement in its entirety; and, (b) agree to all provisions of this Confidentiality Agreement, in writing. It is the duty and obligation of the party disclosing the Confidential Information to the above-designated persons to secure the written agreement to abide by the terms of this Confidentiality Agreement, make available upon the other parties and maintain the same.

**8.** **Unauthorized disclosure**. Upon becoming aware of any unauthorized disclosure of Confidential Information, Costco will provide written notification and demand that the receiving party make efforts to cure the unauthorized disclosure. This shall include, but is not limited to, the receiving party securing return the unauthorized disclosures, and all copies thereof, as well as all notes or other work product reflecting the contents of such materials, shall be returned to the producing party or destroyed, and such returned material shall be deleted from any litigation-support file or database. The receiving party shall further ensure that no use shall be made of such inadvertently produced documents during discovery or at trial nor shall they be disclosed to anyone who was not given access to them before the request to return and destroy them. Written confirmation of meeting this obligation shall be provided to Costco upon a reasonable time upon request for the same.

**9.** **Scope and Use of Confidential Information**. All depositions, pleadings, motion practice, reports, notes, lists, memoranda, indices, compilations, electronically stored information, and records in which Confidential Information is discussed, documented or referred to shall themselves be deemed Confidential Information and shall be subject to this Agreement. Should a party use any Confidential Information in any pleading, motion or paper

filed with the Court, that party shall, at the time of filing, request that the court impound and/or seal the specific portion of the pleading containing the Confidential Information.

**10. Termination of litigation**. The termination of proceedings in the action shall not relieve the Parties from the obligation of maintaining the confidentiality of all Confidential Information and documents produced and designated pursuant to this Confidentiality Agreement, unless the Parties otherwise agree or the Court orders or permits otherwise. Upon final termination of this litigation, each person subject to this Confidentiality Agreement shall return all Confidential Information to counsel for Costco within thirty (30) days after the final disposition of this matter. Documents that contain notations of counsel may be destroyed rather than returned, but it shall be the responsibility of counsel to ensure the documents are destroyed and confirm the same in writing. This obligation shall be tempered by any applicable and mandatory record keeping requirements including Nevada Rule of Professional Conduct (“NRPC”) 1.15, but the obligation to keep the material confidential shall remain applicable.

**11. No waiver**. The disclosure of any Confidential Information by Costco shall not serve to waive any of the protections provided by this Confidentiality Agreement with respect to any other Confidential Information.

**12. No modification**. No person who has received Confidential Information shall seek to vacate or otherwise modify this Agreement at any time. This Agreement shall not be abrogated, modified, amended, or enlarged except by stipulation and agreement of the parties or by the Court with notice given to each of the parties.

**13. Other privileges/protections**. Nothing in this Confidentiality Agreement shall restrict a party’s right to object to the disclosure of documents or information otherwise objectionable, protected or privileged pursuant to the Federal Rules of Civil Procedure, Nevada Rules of Civil Procedure, applicable law, contractual provisions, other than confidentiality, or to

seek an agreement preventing disclosure or limiting the discovery of Confidential Information, or to seek an agreement preventing disclosure or limiting the discovery of information or material that is objectionable on other grounds, regardless of whether or not such material may also constitute Confidential Information pursuant to this Confidentiality Agreement. This parties shall take reasonable steps necessary to have the Court enter an order consistent with the terms of this Confidentiality Agreement.

**14.** **Notice of intended use**. Nothing contained herein shall restrict the presentation of any evidence, including Confidential Information, to a mediator, arbitrator, panel of arbitrators, jury or the Court at trial. However, such presentation shall not constitute a waiver of any restrictions provided for in this Order and the parties agree to take reasonable steps to maintain the confidentiality of any Confidential Information at the arbitration hearing, other hearing and/or trial of this matter in such a manner and until such time as the Court may direct and/or as the parties may otherwise agree. Before any such presentation of Confidential Information, the receiving party shall provide Costco with appropriate notice so that Costco may have the opportunity to lodge appropriate objections or seek the Court's direction to prevent disclosure of the Confidential Information and/or move for appropriate confidential treatment of the materials at trial.

**15.** **Release & Court Jurisdiction**. The terms of this Confidentiality Agreement shall remain fully active until released by written consent of Costco. The Court shall retain jurisdiction over the parties, this Agreement, and recipients of confidential documents, materials, and/or information for the sole purpose of enforcing this Agreement and adjudicating claims of breaches thereof and administering damages and other remedies related thereto. The provisions of this Agreement shall continue to be binding as to the confidential documents, materials, and/or information produced pursuant to it.

**16.** **<u>Applicability</u>**. This Protective Order shall be binding upon the parties hereto, their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**17.** **<u>Counterparts</u>**. This Stipulation and Order may be executed in one or more counterparts, and facsimile signatures are deemed to constitute originals for purposes of this Stipulation.

**18.** **<u>Severability</u>**. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

DATED this 28th day of July, 2026.

**HUTCHISON & STEFFEN, PLLC**

*/s/ Edgar Carranza*

By: ______________________________
Edgar Carranza, Esq.
Nevada Bar No. 5902
Tiffanie C. Bittles, Esq.
Nevada Bar No. 15179
10080 West Alta Drive, Suite 200
Las Vegas, Nevada 89145
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

DATED this 28th day of July, 2026.

**Tanner Law Firm**

*/s/ Kevin King*

By: ______________________________
David Tanner, Esq.
Nevada Bar No. 8282
Kevin King, Esq.
Nevada Bar No. 7405
7895 W. Sunset Road, Ste 115
Las Vegas, NV 89113
Attorneys for Plaintiff
MARIBEL AQUINO

**Any motion or stipulation to seal must explain why there is good cause or compelling reasons to seal the document(s) under *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Any such motion or stipulation should also comply with LR IA 10-5.**

IT IS SO ORDERED.

Dated this 29th day of July, 2026.

______________________________
**UNITED STATES MAGISTRATE JUDGE**

**Patti Sherretts**

| | |
|---|---|
| **From:** | Kevin King <Kevin@tannerlawfirm.com> |
| **Sent:** | Tuesday, July 28, 2026 11:06 AM |
| **To:** | Patti Sherretts; David Tanner; Courtney McMenamy |
| **Cc:** | Edgar Carranza; Tiffanie C. Bittle; Sherlyn Torres; Adrian Vasquez; Jennilee Miller; Kevin King |
| **Subject:** | RE: Costco adv. Aquino |
| **Attachments:** | doc20260728110303.pdf |

Good morning, Edar and Patti.

My apologies. I thought I had already sent this back to you. Attached please find my signature page to the stipulated confidentiality order. Alternatively, if you prefer to just affix an e-signature, please feel free to do so.

Thanks for your patience.

Kind regards,

Kevin

**Kevin P. King, Esq.**

TANNER LAW FIRM

7895 W. Sunset Rd., Suite 115, Las Vegas, NV 89113
Phone: 702-987-8888
Fax: 702-410-8070

---

**From:** Patti Sherretts <psherretts@hutchlegal.com>
**Sent:** Monday, July 27, 2026 12:17 PM
**To:** David Tanner <david@tannerlawfirm.com>; Courtney McMenamy <Courtney@tannerlawfirm.com>
**Cc:** Edgar Carranza <ecarranza@hutchlegal.com>; Tiffanie C. Bittle <tbittle@hutchlegal.com>; Sherlyn Torres <Sherlyn@tannerlawfirm.com>; Adrian Vasquez <Adrian@tannerlawfirm.com>; Jennilee Miller <Jen@tannerlawfirm.com>; Kevin King <Kevin@tannerlawfirm.com>
**Subject:** RE: Costco adv. Aquino
**Importance:** High

Counsel:

Please advise if we have your authorization to affix your electronic signature to the Stipulated Confidentially Agreement and Protective Order.